

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

April 20, 1964

Hon. Neal E. Birmingham             Opinion No. C-245
Criminal District Attorney
Cass County                         Re:  Upon a final judgment of
Linden, Texas                            conviction for driving a
                                         motor vehicle while intoxi-
                                         cated, and the defendant
                                         fails to surrender his
                                         operator's license to the
                                         court, is the defendant
                                         subject to any other
                                         action other than a
                                         criminal action for fail-
                                         ure to surrender the
                                         license under Article
Dear Mr. Birmingham:                     6687b, Sec. 44, V.C.S.

        You recently requested an opinion of this office on the
following question:

        "On a conviction for driving while intoxi-
    cated under Art. 802 Penal Code, which is appealed
    and the appeal is dismissed or the conviction
    affirmed and the Defendant fails to voluntarily
    surrender the custody of his operator's license
    to the court, is he subject to a contempt of
    court action, forfeiture of his recognizance
    bond or any other action other than a criminal
    action for failure to surrender the license
    under Art. 6687b, Sec. 44."

        The Driver's License Law, Acts the 47th Legislature,
1941, ch. 173, p. 245, codified as Article 6687b, Vernon's
Civil Statutes, provides in Sec. 24 as follows:

        "Automatic suspension of a license.

        "(a)  The license of any person shall be
    automatically suspended upon final conviction
    of any of the following offenses:

        " . . .

        "2.  Driving a motor vehicle while under
    the influence of intoxicating liquor or
    narcotic drugs; . . ."

-1185-

Hon. Neal E. Birmingham, page 2 (C-245)

Section 25 provides:

"When court to report convictions.

"(a) Whenever any person is convicted of any offense for which this Act makes automatic the suspension of the operator's, commercial operator's, or chauffeur's license of such person, the court in which such conviction is had shall require the surrender to it of all operators', commercial operators', and chauffeurs' licenses then held by the person so convicted and the clerk of said court shall thereupon forward the same together with a record of such conviction to the Department, within ten (10) days from the date of conviction.

"(b) Every court having jurisdiction over offenses committed under this Act, or any other Acts of this State regulating the operation of motor vehicles on highways, shall forward to the Department a record of the conviction of any person in said court for a violation of any said laws, and may recommend the suspension of the operator's, commercial operator's, or chauffeur's license of the person so convicted, as provided in Sction 22 of this Act.

"(c) For the purpose of this Act, the term 'conviction' shall mean a final conviction. Also, for the purpose of this Act, a forfeiture of bail or collateral deposited to secure a defendant's appearance in court, which forfeiture has not been vacated, shall be equivalent to a conviction. . . ."

The Court of Criminal Appeals has held in McIntire v. State, 135 Tex.Crim. 285, 117 S.W.2d 1093 (1938) as follows:

"Since the license of a person who is found guilty on the charge contained in the indictment is automatically suspended for six months for the first offense, it is of no moment whether such is incorporated in the judgment or not. . . ."

In the later case of Davison v. State, 313 S.W.3d 883 (Tex. Crim., 1958) the court used the following language:

"And McIntire v. State, 135 Tex.Cr.R. 285, 117 S.W.2d 1093, holds that revocation of the driver's license is not a proper part of the judgment."

Section 25 of Article 6687b requires that "the court in which such conviction is had shall <u>require</u> the surrender of it of all operators', commercial operators', chauffeurs' licenses then held by the person so convicted. . ." It is our opinion that the proper way for the court to "require" the surrender of the license as required by Sec. 25 would be by requiring the surrender of the license as a part of the judgment of conviction. We do not believe that the entry of an order requiring the surrender of the license is contradictory of the language of the Court of Criminal Appeals in either the <u>McIntire</u> or <u>Davison</u> cases as the court is not "revoking" the driver's license but only requiring that it be surrendered.

As is pointed out in Sec. 25 of Article 6687b, the term "conviction" means "final conviction." Therefore, the order requiring the surrender of the license would be effective when the judgment becomes final, which would be when the appeal is dismissed or the judgment of conviction affirmed by the Court of Civil Appeals. If the Defendant in either one of these instances, dismissal or affirmance, refuses to surrender his operator's license to the court in derogation of the court's order he would be subject to a show cause order requiring that he show why he should not be held in contempt of court for such refusal.

In the <u>Davison</u> case, supra, the court held that the ancillary results of a conviction for driving while intoxicated were "not a part of the punishment prescribed by the Legislature to the offense then on trial." The Court of Criminal Appeals, in affirming a judgment of the trial court enters the following judgment:

"This cause came on to be heard on the transcript of the record of the Court below, and the same being inspected, because it is the opinion of this Court that there was no error in the judgment, it is ordered, adjudged and decreed by the Court that the judgment be in all things affirmed, and that the appellant pay all costs in this behalf expended, and that this decision be certified below for observance."

In order to abide by the judgment of the Court of Criminal Appeals in affirming the judgment of its trial court,

the defendant would have to surrender his operator's license to the trial court as provided in the affirmed judgment, by reason of the fact that the recognizance or bail bond is conditioned that the defendant shall appear before the trial court from day to day, and from term to term, and not depart therefrom, without leave of the court, in order to abide the judgment of the Court of Criminal Appeals. Arts. 830 and 831, V.C.C.P. Therefore, upon the failure of the defendant to surrender his operator's license to the trial court, the recognizance or bail bond could be forfeited for his failure to abide the judgment of the Court of Criminal Appeals.

### S U M M A R Y

A defendant who fails to surrender the custody of his operator's license to the court when his conviction for driving while intoxicated has become final may be held in contempt of court if the judgment, under Sec. 25 of Article 6687b, V.C.S. requires the surrender of such license. The recognizance or bail bond entered into by the defendant, pending appeal to the Court of Criminal Appeals, may be forfeited for failure to surrender his operator's license upon final conviction for driving while intoxicated, in those cases where the judgment of the Court of Criminal Appeals affirms the lower court's judgment, which requires the defendant to surrender his operator's license to the court.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By NORMAN V. SUAREZ
Assistant Attorney General

NVS:cjp

APPROVOED:

OPINION COMMITTEE:
W. V. Geppert, Chairman
Howard Fender
Gordon Zuber
Allo B. Crow
Roger Tyler

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone